IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICO J. BROWN, SR.,

                Petitioner,

v.                                                        CASE NO. 23-3072-JWL

HAZEL M. PETERSON,

                Respondent.

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Rico J. Brown, Sr. filed his pro se petition for writ of habeas corpus in this matter on March 13, 2023. (Doc. 1.) Petitioner challenges his 2014 state-court convictions of aggravated human trafficking, battery, violation of a protective order, and promoting the sale of sexual relations. *Id.* at 1. He asserts two grounds for relief. In Ground One, he contends that he received ineffective assistance of trial counsel, listing 17 instances of alleged ineffective assistance. *Id.* at 5, 15-16. Although the petition does not expressly identify the constitutional right that was allegedly violated by the conduct described in Ground One, it is clear that Ground One rests on the alleged violation of the Sixth Amendment, made applicable to the States by the Fourteenth Amendment.

In Ground Two, Petitioner contends that prosecutorial misconduct occurred during his trial, asserting that the prosecutor presented false evidence, failed to take appropriate remedial measures upon learning of perjured trial testimony, and allowed the state trial court to be misled by evidence she knew was false. *Id.* at 6. The Court liberally construes Ground Two as raising a claim that Petitioner's constitutional due process rights were violated. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (recognizing that there is a federal due process argument when a state

prisoner seeks federal habeas relief based on the argument that a prosecutor's remarks or actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

The Court examined the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Part of that review involves considering whether the claims in this federal habeas petition are exhausted. *See Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) ("'A threshold question that must be addressed in every habeas case is that of exhaustion.'") (citation omitted); *Pavatt v. Carpenter*, 923 F.3d 906, 924 n.7 (10th Cir. 2019) (noting that courts have the authority to consider exhaustion of state remedies sua sponte). To assist in resolving the question of exhaustion, the Court in May 2023 directed Respondent to file a limited pre-answer response addressing the affirmative defense of failure to exhaust state court remedies. (Doc. 3.)

Respondent obtained multiple extensions of time and, on August 15, 2023, filed a pre-answer response that conceded that Petitioner has exhausted his state court remedies but also asserted that Respondent "does not waive procedural default and reserves the right to argue such default as applicable in any further Answer." (Doc. 10, p. 2.) Petitioner was granted to and including September 18, 2023 in which to file a reply to the pre-answer response. (*See* Doc. 9.) That deadline has now passed and Petitioner has filed no reply.

The Court has conducted and completed the initial review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the

courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before October 23, 2023 showing why the writ should not be granted based on the arguments in the petition and attachments thereto.

2. That the answer should present:

    a. The necessity for an evidentiary hearing on the grounds alleged in Petitioner's pleading;

    b. Whether any argument in the petition is barred by a statute of limitations or any other procedural bar; and

    c. An analysis of the asserted grounds for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted to and including November 27, 2023 to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit

copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 19th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
United States District Judge